Chase A. Adams, (15080)
ADAMS LAW PLLC
765 East 9000 South
Suite A-1
Sandy, UT 84094
Telephone: (801) 810-1815

*Attorney for HLS of Nevada, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **In Re:** | **Bankruptcy Case No. 18-26737** |
| **John Nathan Hebda** | **(Chapter 13)** |
| Debtor. | **Judge Kevin R. Anderson** |

MOTION FOR RELIEF FROM STAY BY HLS OF NEVADA DBA NEVADA WEST FINANCIAL

Creditor, HLS of Nevada, LLC dba Nevada West Financial ("Nevada West"), by and through counsel Chase A. Adams moves this court, pursuant to Federal Rule of Bankruptcy Procedure Rule 4001(a), for an order granting relief from the automatic stay as to certain property described herein or in the alternative an order for adequate protection. In support of this motion, Nevada West represents as follows:

1.    Nevada West is a creditor of the Debtors John Nathan Hebda.

2.    John Nathan Hebda ("Debtor"), an individual residing in Utah, filed a petition under Chapter 13 on September 10, 2018.

3. On or about October 16, 2015, Debtor executed and delivered to Nevada West, a Retail Installment Contract and Security Agreement (the "Contract"), a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

4. By signing this Contract, Debtor granted Nevada West a purchase money security interest in the following motor vehicle: 2013 Honda Accord VIN 1HGCR2F37DA043364, (the "Vehicle").

5. Nevada West has a security interest in the Vehicle, which security interest has been perfected by the notation of such lien upon the certificate of title of the Vehicle, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

6. The Vehicle payoff amount on the Vehicle is $9,761.41.

7. The Debtor is delinquent for failing to make payments as they came due under the terms of the Contract.

8. This filing is the Debtors fourth filing in the last three years and fifth in the last seven years.

| Case | Chapter | Dated Filed | Date Dismissed | Reason for Dismissal |
|---|---|---|---|---|
| 11-33358 | 7 | 09/13/2011 | 04/27/2012 | Discharge Granted |
| 16-20916 | 13 | 02/11/2016 | 11/01/2016 | Dismissed for other reasons |
| 16-30440 | 13 | 11/23/2016 | 07/05/2017 | Dismissed for other reason |
| 18-21849 | 13 | 03/21/2018 | 04/24/2018 | Failure to make initial payment |
| 18-26737 | 13 | 09/10/2018 | | Not currently dismissed |

9. The Debtor has not made a payment since the trustee paid on July 24, 2017 during a prior bankruptcy.

10. The Debtor's failure to make payments due to Creditor, and the filing of multiple bankruptcies to stop Nevada West from exercising its state law rights constitute cause for terminating the automatic stay.

11. The Vehicle is a depreciating asset. Nevada West does not have and has not received adequate protection for its interest in the Vehicle.

12. If Nevada West is not permitted to immediately repossess and sell the Vehicle pursuant to its security interest, it will suffer injury, loss, and damage.

13. The automatic stay provided under 11 U.S.C. §362(a) should be terminated as to Creditor, and its successors and assigns. Once the stay is terminated, Creditor may proceed, pursuant to applicable non-bankruptcy law, to exercise all of its legal remedies and rights, including any right of assessment of reasonable fees and costs as provided by contract or statute, - against the above-described property. In the alternative, the debtors should be ordered to provide Creditor with adequate protection of its interest in the Vehicle.

**REQUEST FOR RELIEF BASED UPON AUBSIVE FILINGS OR PREJUDICE TO THE CREDITOR**

14. Creditor requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). The debtors have filed five bankruptcies, four of which have directly prevented Creditor from proceeding against the Vehicle, despite the Debtor's unresolved, ongoing default.

15. "A creditor is prejudiced when a debtor, through repeated filings, denies the creditor the opportunity to exercise its contractual rights because of the automatic stay. Abusive serial filing not only denies the creditor certain rights, it allows a "rapacious" debtor to use the

automatic stay as a sword against its creditor: this is not the purpose of § 362. *In re Norton*, 319 B.R. 671, 684 (Bankr. D. Utah 2005).

16. The first Chapter 13 (Case # 16-20916) was filed four months after the Contract was entered. The second 2016 Chapter 13 (Case # 16-30440) was filed twenty-two (22) days after the first 2016 case was dismissed. Some payments were made during that time. The third Chapter Case (18-21849), was filed seven days after the Vehicle was repossessed and Debtor made zero payments to Creditor.

17. In the period of time that Creditor has had the Contract with Debtor, Debtor has been in a bankruptcy for 20 months of the 35 months which Creditor has held the Contract.

18. Creditor has been unable to exercise its contractual rights because of the debtors' bankruptcy filings. Debtors have retained the Vehicle without payment or with limited payment and Creditor doubts that it will be paid. The *Norton* court is clear that the purpose of 11 U.S.C 362 is not to allow a debtor continually thwart a creditor from exercising its contractual rights or use the bankruptcy system as a personal shield. *See Id.*

WHEREFORE, Nevada West be granted the following relief:

1. For termination of the automatic stay after notice and an opportunity for a hearing with respect to the collateral securing Nevada West's loan under the contract as more particularly described in this motion and to permit Nevada West to repossess and otherwise realize its security interest in the Vehicle.

2. In the alternative, Nevada West requests that it receive adequate protection payments which shall be equally monthly payments throughout the duration of the plan.

3. That any order entered pursuant to this motion be effective immediately upon its entry.

4.      For such other and further relief as may be appropriate under the circumstances.

Dated this 21st day of September 2018.

                ADAMS LAW PLLC

                _/s/Chase A. Adams_____
                Chase A. Adams
                Attorney for HLS of Nevada

### **CERTIFICATE OF SERVICE**

I, hereby certify that I mailed a copy of the foregoing Motion on September 21, 2018, I sent a true and correct copy of the MOTION FOR RELIEF FROM STAY to the

following parties.

Lon A. Jenkins
(VIA ECF)

Jared Pearson
(VIA ECF)

John Hebda
255 North 400 West
Apt 4084
Salt Lake City, UT 84103

/s/ Chase A. Adams

# EXHIBIT A

UT-102 10/31/2010

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary No. | |
|---|---|---|---|
| KARL MALONE USED CAR OUTLET<br>10736 SOUTH STATE ST<br>SANDY, UT 84070 | JOHN HEBDA<br>3053 N SAGE LOOP #B6<br>LEHI, UT 84043 | Date | |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 5000.00 |
|---|---|---|---|---|
| 24.00 % | $ 15603.51 | $ 17067.93 | $ 32671.44 | $ 37671.44 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $ 453.77 | MONTHLY BEGINNING: 11/30/2015 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the greater of 5% of the unpaid amount of the payment due or $30.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2013 | HONDA | ACCORD | SD | 1HGCR2F37DA043364 | 54131 |

☐ New  ☒ Used  ☐ Demo

Other:

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

## Description of Trade-In

☐ Additional Charge. You agree to pay an additional charge of $ N/A that will be ☐ paid in cash. ☐ financed over the term of the Contract.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of

$ 17067.93 plus finance charges accruing on the unpaid balance at the rate of 24.00 % per year from the date of this Contract until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 24.0000 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

*...ument is hypothecated*
*...California...*
*[This area intentionally left blank.]*
*...lateral for borrowing of*
*HLS of Nevada, LLC dba*
*Nevada West Financial*

Retail Installment Contract-UT Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFLZUT 10/31/2010
10/21/2015    04:21 pm    Page 1 of 5

## Itemization of Amount Financed

| | |
|---|---:|
| a. **Cash Price** of Vehicle, etc. (incl. sales tax of $ 1341.87 ) | $ 20631.82 |
| b. Trade-in allowance | $ N/A |
| c. Less: Amount owing, paid to (includes k): _____ | $ N/A |
| d. Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. Cash payment | $ 5000.00 |
| f. Manufacturer's rebate | $ N/A |
| g. Deferred down payment | $ N/A |
| h. Other down payment (describe) _____ | $ N/A |
| i. **Down Payment** (d+e+f+g+h) | $ 5000.00 |
| j. **Unpaid balance of Cash Price** (a-i) | $ 15631.82 |
| k. Financed trade-in balance (see line d) | $ 0.00 |
| l. Paid to public officials, including filing fees | $ N/A |
| m. Insurance premiums paid to insurance company(ies) | $ N/A |
| n. Service Contract, paid to: _____ | $ N/A |
| o. ADMINISTRATION FEE | $ 299.45 |
| p. GAP INSURANCE | $ 895.00 |
| q. DEALER - S/I I/M INSPECTION | $ 47.00 |
| r. N/A | $ N/A |
| s. N/A | $ N/A |
| t. REGISTRATION-LICENSE FEES | $ 194.66 |
| u. N/A | $ N/A |
| v. **Total Other Charges/Amts Paid** (k thru u) | $ 1436.11 |
| w. **Prepaid Finance Charge** | $ N/A |
| x. **Amount Financed** (j+v-w) | $ 17067.93 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None
Premium $ N/A    Term N/A
Insured N/A

**Credit Disability**
☐ Single  ☐ Joint  ☒ None
Premium $ N/A    Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____ DOB _____

By: _____ DOB _____

By: _____ DOB _____

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed _____.

$ N/A . If you get insurance from or through us you will pay
$ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov. $ N/A
☐ $ N/A Deductible, Comprehensive $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ N/A $ N/A

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _____ for _____ of coverage.

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term _____ N/A _____
Price $ _____ N/A _____
Coverage _____ N/A _____

☒ Gap Waiver or Gap Coverage
Term _____ 72 MONTHS _____
Price $ _____ 895.00 _____
Coverage _____ 17067.93 _____

☐ _____
Term _____ N/A _____
Price $ _____ N/A _____
Coverage _____ N/A _____

By: [signature]        Date: 10/16/2015

By: _____   Date: _____

By: _____   Date: _____

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**CLASS ACTION WAIVER: YOU AGREE THAT YOU WAIVE YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS CONTRACT.**

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due on terms no less favorable than what we then offer to the general public if we are offering this type of credit and you are creditworthy.

**Returned Payment Charge.** If you make any payment by check required by this Contract that is dishonored (and not honored if we represent it) then you agree to pay us a service charge of $20.00; additional fees may be imposed as provided by law.

If you have scheduled any other form of payment (electronic transfer, for example) and that payment is dishonored, you agree to pay us a service charge of $20.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Utah and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay our reasonable attorneys' fees after default (including an attorney who is a salaried employee of ours or our assignee).

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

Retail Installment Contract-UT Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFLZUT 10/31/2010
10/21/2015   04:21 pm   Page 3 of 5

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

By: _____    Date _____

[This area intentionally left blank.]

## Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: JOHN HEBDA    Date: 10/16/2015

By: _____    Date: _____

By: _____    Date: _____

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

By: JOHN HEBDA    Date: 10/16/2015

By: _____    Date: _____

By: _____    Date: _____

Seller

By: _____    Date: 10/16/2015

**Assignment.** This Contract and Security Agreement is assigned to
NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS, NV 89193
, the Assignee, phone N/A. This assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse.

Seller

By: _____    Date: 10/16/2015

Retail Installment Contract-UT Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFLZUT 10/31/2010
10/21/2015   04:21 pm    Page 5 of 5

# EXHIBIT B

**EXHIBIT B**

# UTAH CERTIFICATE OF TITLE

## New Title



**Title Number:** UT001733598

**Vehicle Type:** PASSENGER   **Year** 2013   **Make:** HOND   **Model:** ACCORD LX   **Body Style:** SEDAN 4DR
**VIN/HIN:** 1HGCR2F37DA043364   **2nd VIN:**   **3rd VIN:**
**Cylinders:** 4   **Fuel:** GASOLINE   **Odometer:** 54,131   **Date Issued:** 10/21/2015

NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV  89193-4703

**Owner Information:** JOHN HEBDA
3053 N SAGE LOOP APT 6
LEHI UT  84043-4810

**Lienholder Information:** NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV  89193-4703

ODOMETER READING REFLECTS THE ACTUAL MILEAGE

### Request For Lien Change
Complete this section. Send the title and required fee to the Division of Motor Vehicles. Please check one box.

☐ Issue a title free of liens     ☐ Issue a title showing the following as the NEW LIEN HOLDER

| LIEN RELEASE - Signature of lien holder (releasing interest)<br>X | Vehicle owner's signature requesting lien change |
|---|---|
| Title of signer | New lien holder's name |
| Date | Address |
| | City          State   ZIP Code |

Division of Motor Vehicles
**UTAH STATE TAX COMMISSION**
210 North 1950 West
Salt Lake City, Utah  84134

   TC-127 Rev. 01/13 CDR     

B  9085992

ANY ALTERATION OR ERASURE VOIDS THIS TITLE